ON REHEARING
Before REDMANN, LEMMON and BOUTALL, JJ.
REDMANN, Judge.
The Clerk and the Constable of the First City Court differed in their interpretations of La.C.C.P. 1292. The Constable therefore applied to his court for a ruling. The court convened itself en banc and ruled that the Clerk should accept, as a “return” within C.C.P. 1292 (see also art. 1293) and therefore part of the record, the Constable’s physical return to the Clerk of any document given the Constable for service which the Constable annotates “unable to serve” or “not served.”
Because the Constable’s application for instructions was in the form of an ordinary petition and the court’s rule was titled “Judgment,” the Clerk has taken an appeal to this court, which has appellate jurisdiction over “cases” or “civil matters decided” in the First City Court, Const, art. 5 § 10.
We view the action of the First City Court en banc as an exercise of the court’s rule-making power, C.C.P. 193 and 4847, rather than as a judgment in a “case” or “civil matter” between Constable and Clerk. The judges of that court of first instance do not sit en banc to try the cases they hear. Indeed, that court’s jurisdiction only extends to limited money or movable property or eviction demands (and demands incidental thereto), C.C.P. 4835. If the Constable-Clerk disagreement can be litigated as an independent ease, it would have to be in the (civil) district court, where general trial jurisdiction lies. The Constable recognized the preferability of applying, instead, to his own court for a ruling, and that court recognized, by convening itself en banc, that the Constable’s petition was not a demand as in ordinary litigation.
Because the action appealed from is no more than the adoption of a court rule, it is not a “case” or “civil matter decided” within Const, art. 5 § 10 and it is therefore not reviewable as such by this court.
Appeal dismissed.